## Case No. 6,984.

### In re HYMAN.

[3 Ben. 28;[1] 2 N. B. R. 333 (Quarto, 107); 36 How. Pr. 282.]

District Court, S. D. New York. Nov. 30, 1868.

EXAMINATION OF BANKRUPT—POWER OF REGISTER.

The proceedings before a register, in bankruptcy cases, are under the control of the register, and should proceed without unreasonable delay. No inflexible rule can be laid down as to postponements or adjournments.

[In bankruptcy. In the matter of Louis Hyman.]

[By JOHN FITCH, Register:]

[2][In this cause now pending before me, the order to show cause why the discharge of the petitioner should not be granted, has been duly issued, the proceedings thereupon had, and appearance put in and specific objections filed by a creditor, as provided for by section thirty-one of the bankrupt law [of 1867 (14 Stat. 532)], the case duly sent to the district judge, who on the 21st day of July, 1868, made an order in this cause to take testimony therein. The attorney for the petitioner, and also the attorney for a creditor, each entered and duly served a copy of said order, and the cause was set down for a hearing on July 28, 1868, by an order made by me in this cause. Under the twenty-fourth section of the general orders in bankruptcy, it is the practice of the district courts to cause the trial provided for in said section to be held by the register having the case in charge; this I consider to be the correct practice, because it was evidently the intention of congress to give the register the same power as the district judge in the performance of his judicial duties under the bankrupt act, ("as an assistant to the district judge,") except he is not empowered to commit for contempt, or to hear a disputed adjudication on any question of the allowance of suspension of an order to discharge. In re Gettleston [Case No. 5,373]—opinion of Bates, affirmed by Hoffman, District Judge.

[It is my opinion, that the withholding by congress from the registers the power to commit for contempt of court, has impeded, delayed, and retarded the proceedings of the court in the administration of the bankrupt law, more than all other causes combined; the attorneys, as well as the registers, are well aware of this fact, and this is the main reason why the attorneys for the bankrupts consult their own convenience as to the time of the examination of a bankrupt, select their own house to do it in, consult their own business engagements, and in various ways make their cases in bankruptcy subservient to their causes in other courts, well knowing that the registers cannot compel them to proceed with their cases, and can only exercise a moral influence, which his own character and position have upon them. In this case, commencing with the 28th day of July, 1868, the attorney for the opposing creditor has applied, either in person, by telegraph, letters, or clerks, for adjournments, and up to the ——— day of November, 1868, in each case asking an adjournment on the ground of sickness of family, absence from the city, or professional engagements in the state courts, or before some other register. The attorney for the petitioner requests these facts to be certified to the court. The time has arrived when it is absolutely necessary that the district court should make some rule in relation to the trial of causes before registers, as the register cannot enforce obedience to his own orders, but can only certify the facts to the district court.

[I certify to your honor that I granted many of the adjournments in this cause to the attorney for the opposing creditor, on the ground of his then professional engagements in another court. This I considered the correct practice under the decision of your honor in Re Mawson [Case No. 9,320]. But that the time has come when such adjournments can no longer be granted for the convenience of the attorney for the opposing creditor in this cause, without doing great injustice to the petitioner, as the creditor's attorney has had all the delays the law could possibly contemplate or justice demand. At the day last fixed for the hearing of this cause before me, the attorney for the creditor appeared by his clerk and asked for a further adjournment, on the ground that the attorney for the creditor had a hundred other cases, and he was then engaged in court. It is the rule of our state courts, having reference to the practice in this city, that where a lawyer is actually engaged either in a trial or argument of a cause in any court of record, it constitutes a sufficient reason for putting off a cause for the day in which the lawyer may be attorney of record in another court. Such rule has been greatly injurious in its effects, and retards the business of the courts.

[It is a well-settled rule in moral philosophy, that, when duties conflict, the most important should be observed: that rule applies to the lawyers in this city; they must select which of the courts they will practise in; they must either conform to the business of the court, or the courts must so arrange their business as to suit the convenience of counsel, which in this district cannot be done. As a specimen of the difficulties under which the registers in this district labor in proceedings similar to this, in a case pending before me, several creditors had appeared, by their respective counsel, on the day set for the hearing; by consent of all the attorneys no one of the counsel appeared for the creditors, but each sent

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 2 N. B. R. 333 (Quarto, 107).]

their respective excuses, namely—one was engaged before Justice Nelson; two before your honor; two before the general term of the supreme court; and one before Judge Sutherland, at the special term or chambers of the supreme court. In order to obviate the difficulty as far as I could, and yet do substantial justice between the parties, I have fixed (so far as I could) afternoons for the taking of testimony, but have been met with applications for adjournments, for the reasons the attorneys for the respective parties were engaged in trials before referees, which were trials pending in the respective courts. In order that your honor may fix a specific and definite rule as to the practice in the case I have specified, I hold: First, that the supreme court of the United States and its two branches, the circuit and district courts, are the highest judicial tribunals in the land, take precedence of all the state courts, and must be respected and obeyed accordingly; and that attorneys practising therein must give preference to causes pending in the United States courts and all the branches thereof, as against the causes pending in the state courts. Second, that the rules and practice of the state courts as to engagements in causes pending in the state courts, will not be considered by the United States courts "as good cause shown" why a cause pending in any branch of the district court should be adjourned, unless by consent, for the convenience of attorneys actually engaged in the state courts. Third, that when an attorney for an opposing creditor unreasonably delays the proceedings in a cause before a register, under section twenty-four of the general orders, such unreasonable delay is equivalent to an abandonment of the right to proceed under the orders, and it becomes the duty of the register to certify the proceedings to the court, with the usual certificate of conformity, similar to the practice of the state courts in dismissing a complaint for want of prosecution, as the bankrupt has rights in the matter which the courts are bound to respect.][3]

BLATCHFORD, District Judge. In this case, after objections to the bankrupt's discharge had been filed, the court ordered the testimony in the matter to be taken before the register. On such order proceedings were taken, and were several times adjourned, at the request of the attorney for the opposing creditor, on the ground of sickness or professional engagements elsewhere. On request of the bankrupt, the register has certified the facts to the court.

The proceedings before a register are to be conducted by him with the exercise of a proper legal discretion, and, subject to that rule, are entirely within his control. If a party unreasonably refuses to proceed in a matter, the matter must proceed without him, and the register must see that it proceeds in whatever manner may be proper. No new or further order or rule on the subject is necessary. The registers have ample authority in the premises, and should exercise it to prevent unnecessary and unreasonable delays. No general inflexible law can be laid down in respect to postponements or adjournments by them. Every case must be treated on its own merits, with the exercise of legal discretion, and according to the best judgment of the register.